1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  JOSE CRUZ et al.,                        Case No. 3:15-cv-00585-LB

                    Plaintiffs,
13                                           **ORDER REGARDING MOTION FOR**
                                             **SANCTIONS**
14          v.
                                             Re: ECF No. 74
15  AURORA LOAN SERVICES, LLC,

16                    Defendant.

17

18                              **INTRODUCTION**

19       The defendant, Aurora Loan Services, LLC, moves for sanctions alleging that the plaintiffs,

20  Jose Cruz and Blanca Cruz, failed to attend depositions, respond to interrogatories, and comply

21  with the court's order to prosecute their case.[1] Aurora further alleges that these failures were

22  willful and in bad faith and requests that the court enter terminating sanctions and award Aurora

23  reasonable attorney's fees and expenses under Federal Rules of Civil Procedure 41(b), 37(b), and

24  37(d) and the Court's inherent authority.[2] The court grants in part and denies in part Aurora's

25

26

27  [1] Motion – ECF No. 74 at 3. Record citations are to material in the Electronic Case File ("ECF");
    pinpoint citations are to the ECF-generated page numbers at the top of documents.

28  [2] *Id.* at 3

United States District Court
Northern District of California

1    motion for sanctions and awards $8,185.31 as an interim sanction. The court sets a further status

2    conference for May 19, 2016 at 9:30 a.m. and orders the Cruzes to appear in person.

3

4                                          **STATEMENT**

5         In December 2014, the Cruzes sued Aurora in state court.[3] Aurora removed the action in early

6    February, 2015.[4] After two motions to dismiss and one amended complaint, the following claims

7    survive: 1) intentional misrepresentation and 2) misrepresentation - false promise.[5]

8         The court entered its initial scheduling order on August 28, 2015.[6] That order referred the case

9    to the court's mediation program, set an ADR completion date of January 14, 2016, and set a

10   further case-management conference for January 14, 2016.[7] On October 21, 2015, the ADR unit

11   referred the case for mediation with Victor Haydell at Farella Braun + Martell.[8] According to the

12   parties' joint case-management statement filed on January 7, 2016, 1) the Cruzes's counsel, Mr.

13   Sargetis, was unable to reach the Cruzes in November and December 2015, 2) the mediator thus

14   cancelled the parties' mediation that was set for December 16, 2015, 3) the Cruzes failed to appear

15   at their deposition that Aurora set for December 17, 2015, resulting in costs that Aurora wants the

16   plaintiffs to reimburse, and 4) Aurora would re-notice the depositions.[9] At the case-management

17   conference on January 14, 2016, Mr. Sargetis did not appear in person or by telephone, even

18   though he moved on January 7 to appear by telephone.[10] The court set a further case-management

19   conference on January 21, 2016 and directed Mr. Sargetis to appear; again, he did not.[11] At the

20

21   _____

     [3] Notice of Removal – ECF No. 1 at 1-2

22   [4] *Id.*

23   [5] First Amended Complaint – ECF No. 31; Order Granting in Part & Denying in Part Defendant's
     Motion to Dismiss – ECF No. 48.

24   [6] Order – ECF No. 50.

25   [7] *Id.* at 2.

26   [8] Notice – ECF No. 52.

     [9] Joint CMC Statement – ECF No. 54 at 2.

27   [10] *See* Motion to Appear by Telephone – ECF No. 56; Order Granting Motion – ECF No. 57;
     Minute Entry – ECF No. 58.

28   [11] Minute Entry – ECF No. 58; Minute Entry – ECF No. 59.

United States District Court
Northern District of California

1   January 21 case-management conference, Aurora notified the court that it had reset the depositions

2   to February 25 and February 26, 2016.

3       Following the January 21 case-management conference, the court ordered the Cruzes to show

4   cause why they have not appeared for their depositions and failed to participate in their

5   mediation.[12] The court instructed the Cruzes that it is their responsibility to stay informed about

6   the proceedings and ordered them to do so.[13] The court warned them that failing to appear for their

7   depositions and court-ordered mediation could result in sanctions being imposed against them,

8   including monetary sanctions in the form of Aurora's costs and fees expended in scheduling

9   depositions.[14] The court further warned the Cruzes that their failure to participate in their litigation

10  may result in the court's dismissing the case for failure to prosecute it.[15] The court set a hearing

11  date for February 18, 2016 and directed Mr. Sargetis to file an explanation by February 11, 2016.[16]

12      The Cruzes responded to the order to show cause on February 11 by way of Mr. Sargetis's

13  declaration.[17] Mr. Sargetis declared that he had phone conversations with the Cruzes and that they

14  would attend the depositions on February 25 and 26.[18] He also declared that he scheduled a

15  conference with the Cruzes to review and respond to the written discovery propounded by

16  Aurora.[19] Finally, Mr. Sargetis's paralegal, Ms. Pillado, declared that Mr. Sargetis's failure to

17  appear at the January 14 and 24 case-management conferences was not his fault, but an accidental

18  oversight caused by other obligations.[20]

19

20

21

22  [12] Order to Show Cause – ECF No. 60 at 2.

23  [13] *Id.*

24  [14] *Id.*

25  [15] *Id.*

26  [16] *Id.*

    [17] Sargetis Decl. – ECF No. 62; Pillado Decl. – ECF No. 63.

27  [18] Sargetis Decl. ¶ 3.

    [19] *Id.* ¶ 4.

28  [20] Pillado Decl. ¶¶3-7.

ORDER (No. 3:15-cv-00585-LB)          3

United States District Court
Northern District of California

Despite Mr. Sargetis's declaration to the contrary, the Cruzes did not show up for the noticed depositions or respond to the written discovery requests.[21] The parties' counsel appeared for the February 25, 2016 deposition, but the Cruzes did not.[22] Because of the Cruzes's nonappearance, counsel agreed to cancel the February 26 deposition.[23] The Cruzes did not respond to Mr. Sargetis's request to prepare responses, and they did not respond to Aurora's requests for discovery, including interrogatories, requests for admission, and requests for production.[24]

The court held a further case-management conference on March 17, 2016.[25] The parties informed the court that Mr. Sargetis intended to file a motion to withdraw as counsel and that Aurora intended to file a motion for sanctions.[26] Mr. Sargetis filed his unopposed motion to withdraw, which the court granted.[27] Aurora filed the current motion for sanctions on March 30, 2015.[28] Aurora seeks $19,218.81 in fees and costs for the Cruzes' failure to comply with the court's order to prosecute their case, to appear for their depositions, and to respond to Aurora's interrogatories.[29]

The court ordered Mr. Sargetis to inform the Cruzes of the pending motions, serve on them copies of the motions, case-management filings, and the court's orders, ordered the Cruzes to appear at the May 5 hearing, and warned them that their failure to prosecute may result in

---

[21] Joint Case Management Statement – ECF No. 65 at 2

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Minute Entry – ECF No. 70.

[26] Joint Case Management Statement – ECF No. 65 at 2; Minute Entry – ECF No. 70.

[27] Motion to Withdraw – ECF No. 71; Statement of Non-Opposition – ECF No. 78; Order Granting Motion to Withdraw – ECF No. 85.

[28] Motion for Sanctions – ECF No. 74.

[29] *Id.* at 7-11.

United States District Court
Northern District of California

1    sanctions and dismissal.[30] Mr. Sargetis filed proof of service on the Cruzes on April 27, 2016.[31]

2    The court held a hearing on May 5, 2016.[32] The Cruzes did not appear.[33]

3

4                                                        **ANALYSIS**

5    **1.  Legal Standard**

6           When a district court decides to impose sanctions or discipline, it must clearly delineate under

7    which authority it acts to ensure that the attendant requirements are met. *Weissman v. Quail*

8    *Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (citing *Keegan Management Co. Sec. Litig.*, 78

9    F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be

10   sanctionable under the authority relied on.") (internal quotation marks and citation omitted)). "The

11   imposition of sanctions requires a statement of reasons for the district court's action, including the

12   need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081

13   (9th Cir. 2000) ("The imposition of sanctions requires a statement of reasons for the district

14   court's action, including the need for the particular sanctions imposed.") (citing *G.J.B. & Assocs.,*

15   *Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) ("If the district court ultimately imposes

16   sanctions, detailed findings are necessary to identify the objectionable conduct and provide for

17   meaningful appellate review.")).

18

19   **1.1 Terminating sanctions**

20          **1.1.1 Dismissal under Federal Rules of Civil Procedure 41(b), 37(b) and (d)**

21          Federal Rules of Civil Procedure 41(b) provides that if the plaintiff fails to prosecute or to

22   comply with these rules or a court order, a defendant may move to dismiss the action or any claim

23   against it. Such an order to dismiss operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

24

25   _____

26   [30] Order – ECF No. 81.

     [31] Proof of Service – ECF No. 82.

27   [32] Minute Entry – ECF No. 84.

28   [33] *Id.*

United States District Court
Northern District of California

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (citing *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)). "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson*, 542 F.2d 522 at 524 (internal citation omitted). "The law presumes injury from unreasonable delay." *Id*. at 524 (citing *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)). "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id*. (citing *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974).

In *Yourish v. California Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rules of Civil Procedure 37(b) case in a Rule 41(b) case. 191 F.3d 983 (9th Cir. 1999). "Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d 983 at 990 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986))). "We 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal.'" *Id*. (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998)) (internal citation omitted.) "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Id*. (internal citation omitted.)

Federal Rule of Civil Procedure 37(d) provides that the court may order, on motion, for sanctions if a party fails (i) to appear for that party's deposition after being served with proper

notice; or (ii) to serve its answers, objections, or written response after being properly served with interrogatories or a request for inspection. By reference to Federal Rules of Civil Procedure 37(b), the type of sanctions available under Rule 37(d) includes (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; or (vi) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). In addition, under Rule 37(d), a motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action. *Id.* 37(d)(1)(B).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen*, 320 F.3d at 912 (setting forth five-factor test set forth in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* (citing *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).[34]

---

[34] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." *Connecticut General*, 482 F.3d at 1096. "It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors

United States District Court
Northern District of California

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Connecticut General Life Ins. Co.*, 482 F.3d at 1096. "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)).

A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See in re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quotation omitted). For example, failure to produce documents as ordered is by itself prejudice enough to authorize terminating sanctions. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id.* (citing *Malone*, 833 F.2d at 132-33). Indeed, "'[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id.* (quoting *Malone*, 833 F.2d at 133 (citing cases)).

### 1.1.2 Courts' inherent authority

Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

---

amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Valley Eng'rs*, 158 F.3d at 1057.

United States District Court
Northern District of California

expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Although the caselaw is somewhat equivocal about the state of mind required to impose sanctions under the court's inherent power, *see United Medical Supply Co., Inc. v. U.S.*, 77 Fed. Cl. 257, 266-67 (Fed. Cl. 2007), the Ninth Circuit has concluded that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

### 1.2 Monetary sanctions: Federal Rules of Civil Procedure 37(d)(3) and (b)(2)(C)

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both to pay to award the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), *as amended* (July 25, 1994) (citing *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983))

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

1

2. **Discussion**

2      The Cruzes have failed to participate in their litigation. The Cruzes were unreachable in

3   December 2015, resulting in cancellation of the parties' court-ordered mediation.[35] The Cruzes

4   also failed to appear at their December depositions.[36] Then, in January 2016, the court ordered the

5   Cruzes to show cause for their failure to appear at the depositions and their failure to attend

6   mediation.[37] The court warned the Cruzes that failing to appear for court-ordered mediation and

7   depositions could result in monetary and terminating sanctions.[38] Mr. Sargetis responded to the

8   court's order by way of declaration, informing the court that he had spoken to the Cruzes, they

9   would attend their February 2016 depositions, and they would confer with Mr. Sargetis regarding

10  their responses to Aurora's written discovery requests.[39] Nevertheless, the Cruzes did not attend

11  the February depositions, respond to Mr. Sargetis's request to prepare discovery responses, or

12  respond to Aurora's requests for discovery.[40] The Cruzes also did not appear at the May 5, 2016

13  hearing, despite additional court warnings and service of the current motions and other papers.[41]

14

15      **2.1 The court imposes monetary sanctions of $8,185.31**

16      Aurora's records support the costs and lodestar amounts they request as sanctions. Under the

17  standards set forth above, the court awards the monetary sanctions as they relate to the Cruzes'

18  failure to attend their depositions, at total of $8,185.31 ($876.61 in court-reporter expenses and

19  $7308.50 in attorney's fees).[42] The court warned the Cruzes repeatedly about the consequences of

20  not participating in the litigation, and as part of that process, set forth the legal standards, gave

21  detailed context in the form of the chronology of bad behavior, and gave the Cruzes multiple

22

23  [35] Joint CMC Statement – ECF No. 54 at 2.

24  [36] *Id.*

    [37] Order to Show Cause – ECF No. 60 at 2.

25  [38] *Id.*

26  [39] Sargetis Decl. – ECF No. 62.

27  [40] Joint Case Management Statement – ECF No. 65 at 2.

    [41] Order – ECF No. 81; Proof of Service – ECF No. 82; Minute Entry – ECF No. 84.

28  [42] Balser Decl. – ECF No. 75, ¶¶ 14, 17.

ORDER (No. 3:15-cv-00585-LB)          10

United States District Court
Northern District of California

opportunities to participate in the litigation despite their prior failure to do so. *See* Statement, *supra*. Despite those warnings, they refused to participate and failed to attend two sets of depositions. The court believes the amounts of the monetary sanctions are appropriate given these failures. The hours spent by Aurora's counsel are reasonable, and Aurora's counsel's rates also are reasonable in comparison with others in the community. The Cruzes must pay the $8,185.31 in costs and fees that Aurora incurred due to the Cruzes' failure to attend their depositions.

The court awards $8,185.31 in costs and fees for discovery abuses, leaving an additional $11,033.50 in requested fees for time spent drafting interrogatories and the current motion for sanctions. As described below, the court sets a hearing for May 19, 2016 at 9:30 a.m. If the Cruzes again do not appear, they risk the court's awarding the remaining balance to Aurora.

**2.2 The court does not impose terminating sanctions and orders the Cruzes to show cause**

Aurora has also made its record to support terminating sanctions against the Cruzes, but, given the need for escalating sanctions, the court does not now dismiss the case.

Before orders terminating sanctions (or the remaining monetary sanctions, above) the court orders the Cruzes to show cause why they have failed to prosecute their case, attend their depositions, and respond to Aurora's interrogatories. The court warns the Cruzes that failure to show cause may result in the dismissal of their case and an additional $11,033.50 in monetary sanctions. The court sets a hearing for May 19, 2016 at 9:30 a.m. and directs the Cruzes to attend in person. The court also directs the Cruzes' former attorney, Mr. Sargetis, to serve this order on the Cruzes and file proof of service by May 12, 2016.

## CONCLUSION

The court grants in part and denies in part Aurora's motion for sanctions. The court awards $8,185.31 in costs and fees to Aurora, reserving for later the remaining fee balance of $11,033.50. The court does not order terminating sanctions at this time. The court sets a hearing for May 19, 2016 at 9:30 a.m. and orders the Cruzes to attend in person and to show cause. The court also directs Mr. Sargetis to serve this order on the Cruzes and file proof of service by May 12, 2016.

United States District Court
Northern District of California

The Cruzes are warned that failure to appear on May 19 means that they risk imposition of additional fees of $11,033.50 and dismissal of their case for failure to prosecute it.

   **IT IS SO ORDERED.**

   Dated: May 9, 2016



   _____
   LAUREL BEELER
   United States Magistrate Judge

United States District Court
Northern District of California