UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSE CRUZ, et al., | Case No. 15-cv-00585-LB |
| Plaintiffs, | |
| v. | **ORDER DISMISSING CASE** |
| AURORA LOAN SERVICES, LLC, | |
| Defendant. | |

Aurora previously moved for terminating sanctions and fees and costs after the plaintiffs failed to attend depositions, respond to interrogatories, and comply with the court's orders to prosecute their case.[1] On May 9, 2016, the court granted Aurora's motion for sanctions in part, awarding $8,185.31 in costs and fees. Aurora asked for an additional $11,033.50 in fees, and the court deferred awarding them and also deferred ruling on Aurora's motion for terminating sanctions.[2] Instead, it ordered the Cruzes to show cause why the remaining fee balance should not be awarded as a sanction and why the court should not dismiss their case based on their failure to prosecute it.[3] Because a terminating sanction should be imposed only after other increasing sanctions fail, the

---

[1] Motion for Sanctions – ECF No. 74 at 3. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 10-12.

[3] *Id.*

ORDER (No.15-cv-00585-LB)

1  court set a show-cause hearing for May 19, 2016, and 9:30 a.m., and directed the Cruzes to attend

2  in person.[4] The court directed their former attorney to serve its order (and all of its previous

3  orders) on the Cruzes directly. He did so and filed proof of service.[5]

4      The Cruzes did not appear on May 19, 2016.[6] The court now dismisses their case for failure to

5  prosecute.

6      The court's previous order at ECF No. 86 describes the legal standards that apply to sanctions,

7  including terminating sanctions. The court incorporates the order by reference and attaches it as an

8  exhibit. To summarize: the Cruzes became unreachable in November and December 2015,

9  resulting in a cancelled mediation and missed depositions.[7] The court ordered the Cruzes to show

10  cause why they failed to participate in mediation and attend their depositions.[8] The court

11  instructed the Cruzes of their responsibility to stay informed and warned that failure to participate

12  could result in monetary and terminating sanctions.[9] The Cruzes (through former counsel) advised

13  the court that they would attend depositions in February 2016 and would respond to Aurora's

14  written discovery.[10] They did neither.[11] Aurora then filed its motion for monetary and terminating

15  sanctions.[12] The court ordered the Cruzes to appear at the May 5 sanctions hearing and warned

16  that their failure to prosecute may result in sanctions and dismissal.[13] Mr. Sargetis served the

17  motion on the Cruzes,[14] but they did not appear.[15] The court granted in part and denied in part

18  Aurora's motion, ordered the Cruzes to show cause, directed them to appear in person at a May

---

[4] *Id.* at 11.

[5] Proof of Service, ECF No. 87.

[6] Minute Entry – ECF No. 90.

[7] Joint CMC Statement – ECF No. 54 at 2.

[8] Order to Show Cause – ECF No. 60 at 2.

[9] *Id*.

[10] Sargetis Decl. – ECF No. 62.

[11] Joint CMC Statement – ECF No. 65 at 2.

[12] Motion for Sanctions – ECF No. 74.

[13] Order – ECF No. 81.

[14] Proof of Service – ECF No. 82.

[15] Minute Entry – ECF No. 84.

19, 2016 hearing, and warned them that failure to do so may result in additional monetary sanctions and dismissal of their case.[16] Mr. Sargetis served the court's order on the Cruzes.[17] They did not appear.[18]

On this record, and for the reasons described in the May 9 order, the court grants Aurora's motion for terminating sanctions and dismisses the case. The Cruzes have failed to prosecute their case: their unresponsiveness resulted in a cancelled mediation; they failed to attend two sets of noticed depositions; they failed to show cause for these failures; and they repeatedly failed to attend hearings on these matters. The court also warned the Cruzes multiple times that their failure to prosecute the case may result in both monetary and terminating sanctions. The Cruzes nevertheless have shown no cause for their lack of participation and diligence. The court accordingly dismisses the case for failure to prosecute it. Under the circumstances, the court dismisses the case without prejudice. *See* Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial § 16:435 (The Rutter Group 2015).

Under the circumstances, the court does not award the additional $11,033.50 in fees.

**IT IS SO ORDERED.**

Dated: May 19, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[16] Order Regarding Motion for Sanctions at 11-12.
[17] Proof of Service – ECF No. 87.
[18] Minute Entry – ECF No. 90.

ORDER (No. 15-cv-00585-LB)   3